Nemours Corporation v. Commissioner.
Nemours Corp. v. Commissioner
Docket No. 9011.
United States Tax Court
1947 Tax Ct. Memo LEXIS 150; 6 T.C.M. (CCH) 820; T.C.M. (RIA) 47192; July 8, 1947
*150 Petitioner, a personal holding corporation, in the taxable year 1939 distributed in kind to its two stockholders certain of its assets which had appreciated in value. Held, no taxable gain or income resulted from such distribution. Laurence Graves, Esq., 20 Exchange Pl., New York 5, N. Y., and Bruce Caldwell, Esq., for the petitioner. E. M. Woolf, Esq., for the respondent. LEECH Memorandum Opinion LEECH, Judge: This controversy involves deficiencies in income tax of $100,402.51 and declared value excess-profits tax of $3,906.16 for the calendar year 1939. The primary issue is whether petitioner realized a taxable gain when it distributed certain of its assets to its two stockholders. If this issue is answered in the affirmative, a supplemental issue is whether, in computing the taxable gain, assets which had depreciated in value are to be taken into consideration. [The Facts] All the material facts have been stipulated and are adopted as our findings of fact. They may be summarized as follows: The petitioner is a personal holding corporation, organized under the laws of the State of Delaware in 1924, with principal office and place of business, duPont *151 Building, Wilmington, Delaware, and its Federal tax returns for the year here involved were filed with the collector of internal revenue for the district of Delaware. The books and records of the petitioner are kept on the cash basis. At all times here material petitioner's total issued and outstanding capital stock amounted to 36,172 shares of no-par value common stock of which 28,923 shares were owned by Paulina duPont Dean and 7,249 shares were owned by her husband, J. Simpson Dean. On December 21, 1939, the petitioner's board of directors adopted the following resolution: "RESOLVED, that the corporation distribute to its stockholders of record on December 23, 1939, in proportion to their stockholdings, the following assets owned by it; such distribution to be made on December 26, 1939: 100 shares Anaconda Copper, Common 216 shares E. I. duPont de Nemours, Com. 2956 shares General Motors, Common 100 shares U.S. Steel, Common 100 shares Inland Steel Co., Common 5850 shares U.S. Rubber Co., Pfd. 1000 shares Electric Auto Lite Co., Com. 540 shares Delaware Steeplechase & Race Association, Pfd. 60 shares Delaware Steeplechase & Race Association, Common *152 82 shares Natrona Alkali Co. 41 shares Gulf Elton Land Company 12 shares Selborne Farms, Inc. 262 shares Cosden Petroleum Co. Klair Farm Springer Farm Dempsey Farm Mitchell Farm The assets distributed by the petitioner, pursuant to the resolution set forth in the preceding paragraph, had been acquired by the petitioner at the cost or depreciated cost figures shown in column 1, in the following schedule, and the fair market value thereof on December 26, 1939, as determined by the respondent in the notice of deficiency, is set forth in column 2: Column No. 1
Column No. 2
Fair Market
Value -
Cost
Dec. 26, 1939
100 shares Anaconda Copper, common
$ 3,878.50
$ 3,050.00
216 shares E. I. duPont de Nemours, common
17,381.05
38,718.00
2956 shares General Motors, common
154,084.13
160,185.64
100 shares U.S. Steel, common
7,407.50
6,687.50
100 shares Inland Steel Co., common
9,897.00
8,544.00
5850 shares U.S. Rubber Co., preferred
141,446.76
655,200.00
1000 shares Electric Auto Lite Co., common
41,918.75
37,190.00
540 shares Delaware Steeplechase and Race Association,
preferred
35,100.00
35,100.00
60 shares Delaware Steeplechase and Race Association,
common
600.00
600.00
82 shares Natrona Alkali Co.
769.28
769.28
41 shares Gulf Elton Land Company
56,939.00
56,939.00
12 shares Selborne Farms, Inc.
1,200.00
1,200.00
262 shares Cosden Petroleum Co.
321.39
377.28
Klair Farm
30,879.74
111,770.75
Springer Farm
5,320.92
40,660.91
Dempsey Farm
8,010.00
33,105.00
Mitchell Farm
17,747.36
54,021.09
Totals
$532,901.38
$1,244,118.45
*153 In the notice of deficiency the respondent determined that petitioner realized taxable income of $718,847.32 from the distribution to its stockholders on December 26, 1939, of the properties listed in the preceding paragraph. The respondent in computing the figure of $718,847.32, determined by him to be the taxable income realized by petitioner from the distribution to its stockholders on December 26, 1939, of the properties listed above, has excluded from his computations the following securities: Fair Market
Cost to
Value -
Petitioner
Dec. 26, 1939
100 shares Anaconda Copper, common
$ 3,878.50
$ 3,050.00
100 shares U.S. Steel, common
7,407.50
6,687.50
100 shares Inland Steel Co., common
9,897.00
8,544.00
1000 shares Electric Auto Lite Co., common
41,918.75
37,190.00
Totals
$63,101.75
$55,471.50
The fair market value on December 26, 1939, of the following properties previously above listed was: 41 shares Gulf Elton Land Company
$14,768.35
Klair Farm
25,000.00
Springer Farm
12,000.00
Dempsey Farm
10,000.00
Mitchell Farm
23,442.36
[Opinion] The primary issue submitted must be answered in the negative. *154 It is settled that a distribution of assets in kind by a corporation to its stockholders does not result in taxable income or gain to the distributing corporation. ; ; . Counsel for respondent at the trial conceded that this issue has been determined contrary to his contention. The respondent on brief merely notes his nonacquiescence in the above rule. The established rule will be followed and the petitioner sustained. The subsidiary issue therefore is mooted. Other adjustments are not contested; therefore Decision will be entered under Rule 50.